IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

MELTON LEE EILAND                    *

    Plaintiff,                    *

    v.                    *          3:05-CV-1231-MHT-DRB
                                 (WO)

LEE COUNTY, *et al.*,                    *

    Defendants.                    *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action on December 28, 2005. He complains that a mistake in sentencing has resulted in a violation of his constitutional rights. Plaintiff seeks injunctive relief. Named as defendants are Lee County, Alabama, the City of Auburn, Judge Bailey, and the District Attorney.

Upon review of the pleadings filed by Plaintiff, the court concludes that dismissal of this case prior to service of process is appropriate in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

In 2001 Plaintiff was convicted of six misdemeanors. During his appeal of these

_____

[1] When a prisoner is granted leave to proceed *in forma pauperis* in a federal civil action, this court must screen his complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss such an action at any time, regardless of payment of the filing fee or any portion thereof, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

cases, Plaintiff "caught another charge (felony)."  He asserts that the during sentencing

proceedings on the felony charge, the trial judge and district attorney agreed to run Plaintiff's

misdemeanor and felony convictions concurrently.  Plaintiff files the instant action alleging

that after his recent arrest in  June 2005, he learned that his continued detention is due to the

2001 misdemeanor convictions which appear  not to have run concurrent with his 2001

felony conviction.  As a result, the court understands Plaintiff to allege that his present

incarceration for the 2001 misdemeanor convictions is unlawful since, per court order, he

should have already served time for these convictions while serving time for the 2001 felony

conviction.


*A. District Attorney*

Plaintiff names the "District Attorney" as a defendant.  Prosecutors are  entitled to

absolute immunity from damages for acts or omissions associated with the judicial process,

in particular, those taken in initiating a prosecution and in presenting the government's case.

*See Imbler v. Pachtman*, 424 U.S. 409, 430-31: *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th

Cir.1999).  And while "prosecutors do not enjoy absolute immunity from [declaratory and

injunctive relief] claims," *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981), in order

to receive declaratory or injunctive relief, Plaintiff must establish that there was a violation,

that there is a serious risk of continuing irreparable injury if the relief is not granted, and the

absence of an adequate remedy at law. *See Newman v. Alabama*, 683 F.2d 1312 (11th Cir.

1982).

Here, there is an adequate remedy at law for the violation alleged by Plaintiff in his complaint. Specifically, Plaintiff may appeal any rulings or actions taken in his criminal case not only to the highest state court with jurisdiction to hear the claim but also to the United States Supreme Court. In addition, Plaintiff may seek a writ of habeas corpus in this court. *See* 28 U.S.C. §§ 2241, 2254. Accordingly, there is an adequate remedy at law and Plaintiff is not entitled to declaratory or injunctive relief in this case against Defendant District Attorney.

B. *Judge Bailey*

To the extent that Plaintiff seeks injunctive relief for actions taken by the state courts with respect to his 2001 sentencing matters, this court lacks jurisdiction to render such judgment. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state court proceedings even if those challenges allege that the court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a

particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

*C. The Habeas Claim*

It is clear to this court that success on Plaintiff's challenge to the execution of his 2001 sentence   would necessarily imply the invalidity of his current incarceration. Consequently, the claim presented by Plaintiff is not cognizable in a § 1983 action at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997); *see generally Barden v. Keohane,* 921 F.2d 476, 478-79 (3rd Cir.1991) (where the relief sought as the result of an alleged sentencing mistake would  reduce an inmate's term of confinement, jurisdiction under § 2241 is appropriate).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the . . . sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id*. 512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and,

– 4 –

based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. *Id.* 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

In the present complaint, Plaintiff challenges an alleged error during sentencing proceedings in 2001 which is causing him to currently be unlawfully imprisoned. This claim, if established, would necessarily imply the invalidity of Plaintiff's present confinement. It is clear from the pleadings before the court that Plaintiff's challenge to the sentencing error in question has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on such action is prohibited by *Heck* and *Balisok*, and Plaintiff's claim is, therefore, due to be dismissed as he has no present cause of action under 42 U.S.C. § 1983.

*D.  Lee County and the City of Auburn*

Plaintiff's § 1983 claims challenging the validity of the manner in which his 2001 sentence was executed are not cognizable under *Heck*, 512 U.S. 477, or *Balisok*, 520 U.S. 641. As such, the claims lack an arguable basis in law and the court finds that they are, therefore, due to be dismissed as against Lee County and the City of Auburn.


## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against the named defendants be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's challenge to the execution of his 2001 sentence be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3.  This case be DISMISSED prior to service of process.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 23, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of January 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE